UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYRONE GAUSE,                                                                          13 CV 2986 (KAM) (VVP)

         Plaintiff,

                      AMENDED COMPLAINT
  -against-                 AND JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
JOHNNY WONG and SERGEANT LORRAINE
SANCHEZ,

         Defendants.
------------------------------------------------------------------X

   Plaintiff, TYRONE GAUSE, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

   1.  This is an action for the wrongful acts of defendants THE CITY OF NEW YORK and POLICE OFFICER JOHNNY WONG and SERGEANT LORRAINE SANCHEZ, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

   2.  Plaintiff, TYRONE GAUSE, alleges that beginning on or about September 14, 2012, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting plaintiff, wrongly imprisoning plaintiff, assaulting and battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional distress, and causing

physical injury to his left eye and negligence in the hiring and retaining of incompetent and unfit officers and employees, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, plaintiff TYRONE GAUSE, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, defendant POLICE OFFICER JOHNNY WONG was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, POLICE OFFICER JOHNNY WONG was assigned to the $88^{st}$ Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, defendant SERGEANT LORRAINE SANCHEZ was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, SERGEANT LORRAINE SANCHEZ was assigned to the 88th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. She is being sued in both his individual and official capacities.

11. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the

scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER JOHNNY WONG and SERGEANT LORRAINE SANCHEZ.

13. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff TYRONE GAUSE.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff TYRONE GAUSE.

CONDITIONS PRECEDENT

16. On or about October 15, 2012, Plaintiff, TYRONE GAUSE's Notice of Claim was duly filed with the Comptroller's Officer of the City of New York; said Notice was filed

within (90) days after the causes of the action accrued. More than (30) days have elapsed since the filing of said notice and this matter has not been settled or otherwise disposed of.

17. That plaintiff TYRONE GAUSE and/or his attorney were served with a Notice for a 50-H hearing on November 15, 2013.

18. On or about February 25, 2013, a 50-H hearing in the matter of the Claim of TYRONE GAUSE against THE CITY OF NEW YORK AND THE NEW YORK POLICE DEPARTMENT was held at the office of Jane Barrett and Associates, LLC, 189 Montague Street, Suite 522, Brooklyn, New York 11201.

19. Plaintiff TYRONE GAUSE has duly complied with all of the conditions precedent to the commencement of this cause of action under the circumstances as set forth above.

## FACTUAL BACKGROUND

20. At all times relevant to this action, Plaintiff TYRONE GAUSE resided at 3784 Tenth Avenue - Apartment 3D, Brooklyn, New York.

21. At all times relevant herein the Plaintiff was permanently disabled after suffering from a heart attack and stroke.

22. At all times relevant herein the Plaintiff was receiving dialysis treatment three time a week as a result of kidney disease.

23. At all times relevant herein the Plaintiff walked with the assistance of a cane.

24. At all times relevant herein the Plaintiff spoke with a slurred speech.

25. At all times relevant herein the Plaintiff was required to take medication, including but not limited to insulin for diabetes.

26. That on or about September 14, 2012 at approximately 2:00 P.M., the Plaintiff was in Riverdale, New York for the purposes of receiving dialysis.

27. On September 14, 2012 at approximately 7:30 P.M., the Plaintiff left Riverdale, New York and traveled to his sister's residence in located at 90 Downing Street, Brooklyn, New York.

28. At approximately 11:00 P.M., upon concluding the visit with his sister, the Plaintiff began to walk to the A train station on Fulton and Clinton Streets.

29. While traveling to the A train station on Fulton Street, the Plaintiff began to converse with his cousin, who was located approximately one block from the station.

30. That the Plaintiff and his cousin, Devon Gause, turned down Waverly Street to sit down.

31. That the Plaintiff and Devon Gause sat on Waverly Street and conversed for approximately twenty minutes.

32. On September 14, 2012, at approximately 11:30 P.M., the Plaintiff was approached by Defendant SERGEANT LORRAINE SANCHEZ.

33. That the Defendant SERGEANT LORRAINE SANCHEZ requested that Plaintiff produce identification.

34. That Plaintiff TYRONE GAUSE asked Defendant SERGEANT LORRAINE SANCHEZ the reason for requesting Plaintiff's identification.

35. Thereafter, Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG jumped on the Plaintiff, punched and kicked the Plaintiff about his body, took Plaintiff's cane and dragged him to a marked police car.

36. That bystanders on the street shouted and advised Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG that the Plaintiff was a "sick person."

37. The Plaintiff was then transported to the 88th Precinct of the New York Police Department.

38. The Plaintiff was photographed and fingerprinted at the 88th Precinct.

39. Despite the Plaintiff's request to the Defendants, the Plaintiff was never advised of his arrest charge.

40. Despite the Plaintiff's request to the Defendants, the Plaintiff was denied his medication.

41. Despite the Plaintiff's request to the Defendants, the Plaintiff was denied immediate medical attention.

42. After approximately six hours, the Plaintiff was transported to Woodhull Hospital by ambulance.

43. The Plaintiff remained at Woodhull Hospital for approximately two hours and was then brought back to the 88th Precinct by the New York Police Department.

44. After approximately seven hours after returning to the 88th Precinct the Plaintiff was transported to Central Booking.

45. That a paramedic at Central Booking requested that the Officers of the New York Police Department transport the Plaintiff to the hospital as a result of his medical condition.

46. The Officers of the New York City Police Department ignored the request of the paramedic at Central Booking.

47. The Plaintiff remained at Central Booking until his arraignment.

48. The Plaintiff was arraigned by the Honorable Evelyn Laporte on September 15, 2012.

49. The accusatory instrument charged the Plaintiff with Unlawful Possession of Marihuana in violation of Penal Law § 221.05 and Criminal Possession of Marihuana in the Fifth Degree in violation of Penal Law § 221.20(1).

50. The matter was adjourned in contemplation of dismissal by the Honorable Evelyn Laporte at the arraignment.

51.     It was determined by Roosevelt Hospital that the Plaintiff suffered a stroke while in the custody of the Defendants.

52.     The criminal proceeding was dismissed on March 14, 2013.

53.     As a direct and proximate result of the action of the Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG, Plaintiff TYRONE GAUSE was physically assaulted and suffers from emotional distress.

54.     As a direct and proximate result of the actions of the Defendants, Plaintiff TYRONE GAUSE was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately twenty-four hours.

55.     Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG acted with malice in arresting Plaintiff TYRONE GAUSE on false charges and causing the plaintiff to be prosecuted on charges the Defendants know are false.

56.     Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG brought charges against Plaintiff TYRONE GAUSE and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff and their use of excessive force and gratuitous act of violence against Plaintiff.

57. To date, as a direct and proximate result of defendants actions, Plaintiff TYRONE GAUSE has suffered the loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

58. As a direct and proximate result of defendant's actions, Plaintiff TYRONE GAUSE was arrested and detained for a time amounting to a period lasting approximately twenty-four hours for criminal charges without just cause.

59. As a direct and proximate cause of defendant's actions, Plaintiff TYRONE GAUSE was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

60. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officer in this case to engage in unlawful conduct described above.

61. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain,

thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

62.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

63.     Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to September 14, 2012, the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(Defendants SERGEANT LORRAINE SANCHEZ
and POLICE OFFICER JOHNNY WONG)

64.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-63 of this complaint, as though fully set forth therein

65.     On September 14, 2012 at approximately 11:40 P.M., on Fulton and Waverly streets, the Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG, without just cause or provocation and in violation of proper and appropriate police

conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff TYRONE GAUSE such that plaintiff TYRONE GAUSE was injured.

66. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of plaintiff TYRONE GAUSE, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

67. By reason of the aforesaid, plaintiff TYRONE GAUSE suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

68. The acts and conduct of Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
( Defendants SERGEANT LORRAINE SANCHEZ
and POLICE OFFICER JOHNNY WONG)

69. Plaintiff repeats and realleges the allegations contained in paragraphs 1-68 of this complaint as though fully set forth therein.

70. The actions of Defendants SERGEANT LORRAINE SANCHEZ and POLICE OFFICER JOHNNY WONG, members of the New York City Police Department, and acting under the color of state law, deprived plaintiff TYRONE GAUSE of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

71. By these actions, the individual defendant has deprived plaintiff TYRONE GAUSE of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

72. As a result of the foregoing, plaintiff TYRONE GAUSE was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

73. Plaintiff repeats and realleges the allegations contained in paragraphs 1-72 of this complaint and though fully set forth therein.

74. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto

policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

75. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the plaintiff with two (2) Counts under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

76. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of plaintiff TYRONE GAUSE, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause them injury and violate their constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

77. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

78. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

79. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-78 deprived plaintiff TYRONE GAUSE of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

80. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-79 deprived plaintiff TYRONE GAUSE of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

81. By these actions, defendant CITY OF NEW YORK has deprived plaintiff TYRONE GAUSE of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

82. As a result of the foregoing, plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

FOURTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS

(All Defendants)

83. Plaintiff repeats and realleges the allegations contained in paragraphs 1-82 of this complaint and though fully set forth therein.

84. Defendants CITY OF NEW YORK, Defendant SERGEANT LORRAINE SANCHEZ and Defendant POLICE OFFICER JOHNNY WONG, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate plaintiff TYRONE GAUSE, denying him free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

85. The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of plaintiff TYRONE GAUSE'S constitutional rights including the right to due process, to have plaintiff wrongfully prosecuted for a crime that he did not commit.

FIFTH CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

86. Plaintiff repeats and realleges the allegations contained in paragraphs 1- 85 of this complaint as through fully set forth herein.

87. The injuries incurred by plaintiff TYRONE GAUSE were due to the negligence of the Defendants SERGEANT LORRAINE SANCHEZ, POLICE OFFICER JOHNNY WONG and the City of New York.

88. As a result of the foregoing, plaintiff sustained great physical injuries, great emotional injuries, were subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### EIGHTH CLAIM: ASSAULT UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

89. Plaintiff repeats and realleges the allegations contained in paragraphs 1-85 of this complaint as though fully set forth herein. As a result of the foregoing conduct on the part of the Defendants SERGEANT LORRAINE SANCHEZ, POLICE OFFICER JOHNNY WONG and the CITY OF NEW YORK, plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

90. As a result of the foregoing, plaintiff sustained great physical injuries, great emotional injuries, and was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

### NINTH CLAIM: BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

91. Plaintiff repeats and realleges the allegations contained in paragraphs 1-90 of this complaint as though fully set forth herein.

92. Defendants SERGEANT LORRAINE SANCHEZ, POLICE OFFICER JOHNNY WONG and the CITY OF NEW YORK made offensive contact with plaintiff without privilege or consent.

93. As a result of the foregoing, plaintiff sustained great physical injuries, great emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff TYRONE GAUSE requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
November 27, 2013

/s/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff, Tyrone Gause*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100

To:

**Via ECF:**
Karl J. Ashanti, Esq.
New York City Law Department
100 Church Street - Room 3-199
New York, New York 10007
(212) 356-2371